John V. HOLMES et al.,

v.

William Lucius CARY et al.

Civ. A. No. 8933.

United States District Court
N. D. Georgia,
Atlanta Division.

Aug. 24, 1964.

See, also, D.C., 231 F.Supp. 971.

John V. Holmes, pro se.

Philip A. Loomis, Jr., General Counsel, Securities & Exchange Commission, Washington, D. C., for defendant.

MORGAN, District Judge.

The gist of this complaint is that a registration statement of Hydramotive Corporation was received by the Securities and Exchange Commission on July 23, 1962, has been filed with the Commission since that date, and, pursuant to applicable statutory provisions, the registration statement has been effective since on or about August 15, 1962. It is alleged that the defendants have treated the registration statement of the Hydramotive Corporation in an irregular and unlawful manner, namely, by not making the contents of the registration statement available to the public and by failing to publicize the filing and effectiveness of the statement in the Commission's "News Digest".

The defendants came into court at the proper time and filed an answer in which they admit that the document referred to by the plaintiffs as the registration statement of Hydramotive Corporation was received by the Commission on July 23, 1962, and that the contents have not been placed in the public files of the Commission nor publicized in its News Digest. However, the defendants deny that the Defendants' Exhibit 1 has become effective and allege that it was not accepted for filing with the Commission because it did not represent a bona fide attempt to file a registration statement with the Securities and Exchange

Commission; that such document is not a registration statement and is nothing more than a sham document; that it was tendered to the Commission by the plaintiff Holmes merely in an attempt to annoy, embarrass, and harass the Commission; and that the plaintiff Holmes acquiesced in and agreed to the refusal to accept Defendants' Exhibit 1 for filing.

The defendants contend that the Court should grant summary judgment for the defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure since it clearly appears that there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law.

The defendants contend that the document received from the plaintiff Holmes, Defendants' Exhibit 1, evidences on its face that it is a sham document and is not a serious attempt to register the securities by Hydramotive Corporation Some of the language contained in the document is as follows:

(1) "The present directors do not foresee the possibility of the corporation ever being in a position to pay any dividends or having any assets of determinable value. The continued existence of the corporation is questionable. Bankruptcy may result at any time."

(2) "Anyone considering purchase of this security must be prepared for immediate and total loss."

(3) "No representation is made that the possibility exists that the corporation can continue to exist."

(4) "No representation is made in this statement that the President and Secretary of the Company have any capability that can benefit the corporation in any way."

(5) "In view of the above unfavorable factors, and other un-favorable factors in every part of this offering circular, it would appear that it is self-evident that any prospective purchaser of Hydramotive Corporation stock should be prepared for an immediate total loss."

In the opinion of this Court, this so-called registration statement is obviously not a bona fide attempt to qualify to sell securities to the investing public. The Court can only agree with the defendants that it is nothing more than a sarcastic piece of mockery and, as such, is totally frivolous.

Federal agencies need not afford applicants for licenses a hearing contemplated by a statute where the application is clearly contrary to regulations of the agency. Ranger v. Federal Communications Commission, 111 U.S.App.D.C. 44, 294 F.2d 240. In the Ranger case, the Court said, at page 243:

" * * * [W]e think Congress did not intend * * * to require the formality of Commission consideration of and hearing on an application in which the signatory obviously fails in major material respects to abide the regulations. The Commission obviously has power to require conformance with regulations prescribing the material with which it must be furnished. If this were not so, any obstructionist could easily prevent indefinitely the consideration of an application by merely filing skeleton competing applications."

The document submitted by the plaintiff Holmes is replete with frivolity. But even in the concept of treating it as a bona fide "registration statement" and it be found that the defendants should have accepted it for filing with the Commission, the plaintiff is still not entitled to the relief sought because he acquiesced in and agreed to the action of the defendants in not accepting Defendants' Exhibit 1 for filing. The plaintiff Holmes' letter of July 21, 1962, Defend-

ants' Exhibit 2, acknowledges that the registration statement is incomplete.

Defendants' motion for summary judgment is granted and the plaintiffs' cross-motion for summary judgment is hereby denied.

It is so ordered.